UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DATQUNN SAWYER, )
    Petitioner, )
     )
v. ) 14 C 7665
     )
UNITED STATES OF AMERICA, )
    Respondent. )

# MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This case comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Datqunn Sawyer ("Sawyer") pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the reasons stated below, the Court denies the petition and declines to issue a certificate of appealability.

## BACKGROUND

On November 21, 2011, a jury convicted Sawyer of conspiracy to engage in sex trafficking of minors and sex trafficking by force, in violation of 18 U.S.C. § 1594(c), multiple separate counts of sex trafficking of minors and sex trafficking by force, in violation of 18 U.S.C. § 1591(a), one count of sex trafficking by force of an adult victim, in violation of 18 U.S.C. § 1591(a), and attempted sex trafficking of a minor victim, in violation of 18 U.S.C. § 1594(c). For the counts that charged Sawyer with conspiring to traffic and trafficking victims both as minors and by force, the jury found that Sawyer knew or recklessly disregarded that the victims

1

were minors, and that Sawyer used force.  Sawyer was sentenced to fifty years in prison.  Sawyer is currently incarcerated in the United States Penitentiary in Tucson, Arizona.

Sawyer subsequently appealed his conviction to the United States Court of Appeals for the Seventh Circuit (the "Seventh Circuit"), arguing that the jury instructions regarding the interstate commerce element of 18 U.S.C. § 1591(a) ("Section 1591(a)") were mistaken because the Government failed to prove that Sawyer knew his acts affected interstate commerce.  On October 23, 2013, Sawyer's conviction was upheld on appeal.  *United States v. Sawyer*, 733 F.3d 228 (7th Cir. 2013).

On September 30, 2014, Sawyer filed this timely motion for habeas corpus relief, arguing that: (i) he received ineffective assistance of appellate counsel because she failed to present evidence showing that the Government did not establish the elements of the offense; (ii) he received ineffective assistance of trial counsel, in violation of the Sixth Amendment during plea negotiations, citing *Lafler v. Cooper*, 132 S.Ct. 1376 (2012); (iii) he received ineffective assistance of appellate counsel because she failed to argue that under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), any enhancements to his sentence should have been proven beyond a reasonable doubt; (iv) he received ineffective assistance of trial counsel because his trial counsel did not challenge prior inconsistent statements made by witnesses; (v) he received ineffective assistance of trial counsel because his trial counsel failed to properly argue

important factors during his sentencing; (vi) the Government failed to sufficiently prove elements of the crime; (vii) he received ineffective assistance of trial counsel because his trial counsel did not complete discovery; and (viii) the Government engaged in prosecutorial misconduct by providing the media with photographs in evidence that the trial court judge ruled to be prejudicial.

On December 24, 2014, Sawyer filed a motion to amend or otherwise file a supplemental pleading, claiming that since his trial counsel assured him that he would be successful at trial, he rejected the Government's plea deal and was sentenced to the fifty year mandatory minimum sentence. On January 26, 2015, the Court granted Sawyer's motion to amend or otherwise file a supplemental pleading to his original petition. On February 24, 2015, Sawyer filed a supplement to his reply brief without permission from the Court. We will not take this supplement to his reply brief into consideration, as Sawyer never had leave to file such under Federal Rule of Civil Procedure 15(d).

## LEGAL STANDARD

Section 2255 allows an incarcerated prisoner to request his sentence be vacated on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[R]elief under 28 U.S.C. § 2255 is limited to an error of law that is jurisdictional, constitutional, or

constitutes a fundamental defect which inherently results in a complete miscarriage or justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation marks omitted)). An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## DISCUSSION

### I. Claim on Direct Appeal

On direct appeal, the argument Sawyer raised was that his conviction should be vacated because the Court improperly instructed the jury on one element of the offense. The Seventh Circuit rejected this argument and affirmed his conviction, stating that by agreeing to the relevant instructions at trial, Sawyer waived his argument. *See Sawyer*, 733 F.3d at 229. Even if he had not waived this argument, the Seventh Circuit found that the instructions were correct on the merits because Sawyer's knowledge of the interstate commerce implications of his conduct need not be proven for conviction under Section 1591(a). *Id*. Now in his instant petition, Sawyer claims that the Government failed to sufficiently prove that he knew his actions affected interstate or foreign commerce, the same claim the Government argues Sawyer attempted to advance on direct appeal. Sawyer clarifies that he is not contesting that his conduct affected interstate commerce, but rather that "on the face of the statute he was charged and convicted under," the Government failed to prove

4

that he was aware of the effect he had on interstate commerce. After closely reading the Seventh Circuit's opinion, Sawyer's current claim is exactly what he raised on direct appeal. Since this issue was previously decided, and Sawyer presents no valid reason for relitigating of this claim, this claim is barred. *See Webster v. Daniels*, 14-1049, 2015 WL 1951921, at *30 (7th Cir. May 1, 2015) (stating that collateral relief is primarily used for constitutional violations, not violations of federal law that could and should be raised on direct appeal).

## II. Photographs to Media

For the arguments Sawyer failed to raise in his direct appeal, they are procedurally defaulted unless Sawyer can show: (i) actual cause excusing him from his procedural default; and (ii) actual prejudice arising from the errors of which he complains. *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

Sawyer argues that the Government engaged in prosecutorial misconduct by allegedly allowing a Chicago Sun-Times reporter access to photographs that the Court found to be "capable of inflaming or enhancing a story beyond what is, I think, fair." The Government contends that this claim is procedurally defaulted and Sawyer fails to address, or demonstrate, good cause and actual prejudice from his failure to raise this claim on direct appeal. Sawyer responds, claiming that he was prejudiced because the photographs undoubtedly "permeated through the minds of the jury as they commenced their deliberations." Sawyer blames the Government for the release of

the photographs to the media, but provides no concrete evidence supporting this assertion.

Sawyer has failed to articulate how the media's publication of the photographs states a cognizable claim for habeas relief. Nothing supports Sawyer's contention that the Government released these photographs to the media, and regardless, we do not find that the alleged disclosure of photographs amounts to prosecutorial misconduct because it is unknown how exactly the media obtained them. Thus, to the extent that Sawyer states a claim, it is procedurally defaulted. Sawyer fails to even mention cause or assert prejudice throughout his briefs, and he did not file any new affidavits or documents to prove that the jury was exposed to these photographs during the trial. Absent a showing of cause and prejudice or actual innocence, this claim is procedurally defaulted. *See United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001) ("Cause" means some impediment, and [Sawyer] does not contend that any outside force impeded his legal defense . . .").

## III. Ineffective Assistance of Trial Counsel

Claims of ineffective assistance of counsel are reviewed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, Sawyer must show both: (i) that counsel's performance fell below an objective standard of reasonableness under the circumstances; and (ii) that the deficient performance prejudiced him. *Id.* at 688-94. To establish prejudice, Sawyer must prove there is a reasonable probability the proceeding would have had a different

result but for the errors of counsel. *Id.* at 694. If Sawyer fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See Strickland*, 466 U.S. at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant....").

A district court's "review of the attorney's performance is 'highly deferential' and reflects 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' " *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (citation omitted); *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) ("Defense counsel is 'strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment.' ") (internal citation omitted).

### A. Plea Negotiations

Sawyer brings his first ineffective assistance of trial counsel claim based on his counsel's allegedly erroneous advice to reject a plea offer. Sawyer contends that his trial counsel told him that the Government's case against him was "weak and that [Sawyer] was better served by proce[e]ding to trial." With respect to the rejection of a plea, Sawyer must show: "there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and

that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S.Ct. at 1385. In other words, Sawyer must show that "the outcome of the plea process would have been different with competent advice." *Id.* at 1384.

In the instant matter, Sawyer claims that he took the advice of his trial counsel and rejected the plea deal of fifteen years in prison. He cites *Lafler*, and attaches to the petition his own affidavit and affidavits from his mother and grandmother, as support for his contention that his trial counsel was ineffective because he advised Sawyer not to take the alleged plea. Sawyer also provides a letter in response to his grievance from the Attorney Registration and Disciplinary Commission ("ARDC"), where his attorney told the ARDC that the discussion of a plea came up on several occasions. However, Sawyer's trial counsel did not specify in the ARDC letter that these discussions were with the Government. The Court finds that in assessing the context of the language surrounding the alleged plea discussions, it seems as though it was Sawyer and his trial counsel discussing the possibility of a plea agreement, and not that a plea agreement was definitively discussed with the Government. Consequently, the affidavits and other documentation that Sawyer provides do not rise to the level of evidence needed to receive habeas relief or an evidentiary hearing. Sawyer's reliance on the three affidavits is not enough. There is no proposed plea agreement, affidavit from his trial counsel or enough specifics to support Sawyer's claim. *See Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005)

(holding that district court properly denied Section 2255 motion without a hearing where, "aside from the allegation contained in [defendant's] motion, there is no evidence that the government offered [defendant] a deal. The motion does not attach a copy of the proposed agreement, state when or by whom the offer was made, or give any details other than to assert that it contemplated a [particular] sentence."). Sawyer's unsubstantiated claims do not establish that his trial counsel was ineffective, and he fails to sufficiently argue that his trial counsel's performance prejudiced him under the *Strickland* standard.

Even if Sawyer supported his claims with documents of evidentiary value, we do not find that his trial counsel acted inappropriately under the circumstances or that his conduct fell below the minimum standard required, especially considering the fact that alleged erroneous advice does not necessarily equate to deficient performance. *See Lafler*, 132 S.Ct. at 1391. This is true in light of the strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *See Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010) ("It is well established that [the Court's] scrutiny of counsel's trial strategy is to be deferential and that we do not second guess the reasonable tactical decisions of counsel in assessing whether his performance was deficient."). The Court denies Sawyer's claim for ineffective assistance of counsel relating to an alleged plea agreement with the Government.

## B. Remaining Ineffective Assistance of Trial Counsel Claims

Sawyer also argues that he consistently requested discovery so he could substantiate his counsel's assessment of his case, but was denied this request. Sawyer cites to the sentencing transcript, where he tells the Court that "all the way down to this trial, I didn't even feel I was ready for trial because I still don't even have all my discovery." Sawyer also mentions in his petition that he filed a motion to compel and a motion for discovery after the trial ended. Additionally, Sawyer asserts that the Government tampered and hid exculpatory evidence, and if he received all of the discovery material, it would have shown the Government's nefarious conduct. The Government responds, stating that Sawyer is asserting an unsubstantiated claim under the guise of an ineffective assistance of counsel claim.

According to the sentencing transcript, Sawyer's trial counsel stated that "every grand jury transcript, every witness statement that was in the FBI reports, it is my recollection --- to a pretty strong degree of certainty --- that those were tendered or shown to Mr. Sawyer." In his reply brief, Sawyer does nothing more to support his claim with additional evidence, but rather makes a bare-assertion that the denial of any discoverable materials led him to truly believe the Government lacked the evidence to convict him, causing him to go to trial. Sawyer fails to provide corroboration to support this claim, including any specific details on what discoverable materials the Government allegedly denied him and how the discovery would have impacted his case.

As for Sawyer's remaining arguments, that his trial counsel was ineffective for failure to "apprise" prior inconsistent statements of certain witnesses and for not arguing the importance of the sentencing factors, both are unavailing. First, as for the issue with the prior inconsistent statements of witnesses, Sawyer does not specify in his petition: (i) which witnesses' prior inconsistent statements were not investigated by his trial counsel; (ii) what the statements consisted of; (iii) the exact line of questioning at issue; or (iv) the citations to the record for the Court to consider. In his reply brief, Sawyer fails to further develop this argument. The trial transcript reveals that each witness was thoroughly cross-examined by Sawyer's trial counsel. Accordingly, Sawyer's bare-boned allegation that his trial counsel failed to highlight the prior inconsistent statements of unspecified witnesses is vague, speculative and not supported by the record.

The same applies to Sawyer's claim that his trial counsel was ineffective for not arguing the importance of the sentencing factors under 18 U.S.C. § 3553(a) ("Section 3553(a)") and that the Court disregarded the Sentencing Memorandum. When reviewing the sentencing transcript, the Court stated that it had "looked at 3553 standards more than once in this case" and was "obligated to look at the entirety of the presentation before [it]." Sawyer's trial counsel called eight character witnesses on Sawyer's behalf at sentencing. His trial counsel also emphasized Sawyer's rough childhood, the culture Sawyer grew up in, why the statutory minimum sentence was sufficient, and both types of deterrence. These arguments directly coincide with the

Section 3553(a) factors, including, but not limited to, the need for deterrence, the seriousness of the offense, and the history and characteristics of the defendant. The Court finds that Sawyer's trial counsel did not ineffectively perform during Sawyer's comprehensive sentencing hearing—he included extensive character witness testimony and sound argument for why the Court should have imposed the fifteen year statutory minimum.

Therefore, for all three of Sawyer's ineffective assistance of counsel claims, we find that Sawyer's trial counsel's performance did not fall below an objective standard of reasonableness or that Sawyer was prejudiced in such a manner that habeas relief is appropriate.

**IV. Ineffective Assistance of Appellate Counsel**

Claims of ineffective assistance of appellate counsel are measured against the same standard as those dealing with ineffective assistance of trial counsel established in *Strickland v. Washington*, 466 U.S. 668 (1984). Sawyer must show that the failure to raise an issue on direct appeal was objectively unreasonable and that the decision prejudiced Sawyer in the sense that there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal. *Howard v. Gramley*, 225 F.3d 784, 790 (7th Cir. 2000). As the Supreme Court has noted, the hallmark of effective appellate advocacy is to winnow out weaker arguments on appeal and focus on the issues more likely to prevail. *Smith v. Murray*, 477 U.S. 527, 536 (1986).

Performance is deemed insufficient when counsel omits a "significant and obvious issue" without a legitimate strategic reason for doing so. *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996).

### A. *Alleyne* Argument

One of Sawyer's arguments for ineffective assistance of appellate counsel is that under the recent Supreme Court case, *Alleyne*, his appellate counsel should have argued that any enhancements to his sentence should have been proven beyond a reasonable doubt. In *Alleyne*, the Supreme Court found that any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury. 133 S. Ct. at 2155 (citation omitted).

The Supreme Court has not yet declared that *Alleyne* applies retroactively, and the Seventh Circuit has found that it is unlikely that it will do so in the future. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *United States v. Davis,* 14 C 50124, 2014 WL 2712312, at * 1 (N.D. Ill. June 16, 2014) ("The Seventh Circuit ... prognosticated that it is highly unlikely *Alleyne* will ever be held to apply retroactively on collateral attack in the future."). In the event that the Supreme Court does make *Alleyne* retroactive, it would not affect Sawyer's case because Sawyer was not sentenced under a statutory mandatory minimum. If his appellate counsel asserted

arguments under *Alleyne*, those arguments would have been futile because the Court used its sentencing discretion and not a mandatory minimum sentence when it imposed a 50 sentence for Sawyer. *United States v. Volpendesto*, 746 F.3d 273, 296 n.8 (7th Cir. 2014) (noting that the court in *Alleyne* emphasized that any factor that influences judicial discretion does not need to be found by a jury). We, therefore, find that Sawyer's assertions do not sufficiently support a claim for ineffective assistance of appellate counsel for a failure to argue the holding in *Alleyne* on appeal.

### B. Elements of Offense

Sawyer also contends that he received ineffective assistance of appellate counsel because she failed to present evidence showing that the Government did not establish all the elements of the offense. Sawyer claims that the he did not know that his victims were not at least eighteen years of age. Sawyer also asserts that the Government failed to establish that he forced or coerced the women into prostitution. Sawyer states that he immediately contacted his appellate counsel once he realized that she was not including certain issues in his appellate brief that he so desired. The Government argues that with respect to each victim, the evidence was sufficient for a reasonable jury to convict Sawyer, and therefore his appellate counsel's failure to attack the sufficiency of the evidence was not ineffective.

As for the knowledge element, Sawyer cites trial testimony from some of his victims where they admit to lying to him about their ages. However, the Government presented an immense amount of evidence at trial showing that Sawyer knew his

14

victims, specifically Corrieana and Tatiana, were underage. For instance, Corrieana testified that her biological mother was a prostitute who did drugs every day, engaging in both activities in Corrieana's presence. Corrieana lived with her paternal grandmother until she passed away and then moved in her with her biological father when she was twelve or thirteen years of age. Her father would physically abuse her, causing her to run away after one year of living with him. Corrieana moved back in with her biological mother and her maternal grandmother sharing a two bedroom apartment with ten other people. Corrieana testified that she met Sawyer when she was fifteen years old, however she initially told him she was eighteen years old. She also testified about giving a fake birthday. However, one day, Corrieana saw her aunt when she was with Sawyer at a gas station and her aunt told Sawyer that Corrieana was thirteen years old. At that time, Corrieana told Sawyer that she was actually fifteen years old, which Sawyer acknowledged by telling her that he would "work around it."

With respect to another one of Sawyer's victims, Tatianna, she testified during trial that she met Sawyer when she was sixteen years old, but initially told him she was eighteen. At that time, her relationship with her mother was dysfunctional and her stepfather physically abused her mother. Tatianna's biological father was incarcerated, she had recently been assaulted by a group of men, she was skipping school and failing her classes, and she was so depressed that she was cutting herself because she "didn't feel like [she] needed to be alive." After five minutes of speaking

15

with Sawyer the day she met him, Tatianna testified that she "slipped up" and told him she was sixteen and that she attended high school. Sawyer responded, stating "You're young" and that he would "work around it." Tatianna also often carried a teddy bear.

As for the element of force, much of the testimony at trial involved the physical abuse his victims endured while under Sawyer's control. Sawyer boldly claims that since the Government did not object to his trial counsel's closing argument remarks (stating that his victims were not forced into prostitution) that this is sufficient evidence to prove that the element of force was not satisfied. Sawyer is simply wrong. At trial, Corrieana testified that Sawyer "smacked" her with an open hand on her face after she became upset because she could not sit in the front seat of his vehicle. Sawyer also threated to hit Corrieana on multiple occasions. Tatianna testified that she was afraid of Sawyer. During one incident at a hotel, Sawyer told the other girls to hit Tatianna and the girls complied. After getting hit, Tatianna wanted to leave Sawyer so she began to pack up her belongings. Once Sawyer became aware that Tatianna wanted to leave, he slapped her with an open hand. Tatianna testified that Sawyer continued to beat her in the hotel room and told her "I can hit you whenever I want to hit you." Tatianna also witnessed Sawyer threaten to kill and beat many of his "girls."

After review of the record, we find that the Government proved beyond a reasonable doubt that Sawyer knew or recklessly disregarded the fact that his victims

were under age eighteen and that force, fraud, or coercion caused them to engage in commercial sex acts. Additionally, the Court does not find that Sawyer was prejudiced by his appellate counsel not raising this specific issue on appeal. The Court must "view all the evidence and draw all reasonable inferences in the light most favorable to the prosecution and uphold the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Khattab*, 536 F.3d 765, 769 (7th Cir. 2008) (internal citation omitted). Drawing all reasonable inferences in favor of the Government, we find that a rational trier of fact could have found proof of both elements beyond a reasonable doubt. *See Cabrera v. Hinsley*, 324 F.3d 527, 533 (7th Cir. 2003). What Sawyer clearly does not comprehend is the fact that even though his victims may have told him that they were eighteen, that the element of knowledge could still be satisfied by his reckless disregard for the truth that these victims were obviously less than eighteen years of age.

Even if Sawyer's appellate counsel raised this issue on appeal, his conviction could have only been reversed if the Seventh Circuit found "a manifest miscarriage of justice." If addressed properly in his petition, Sawyer would still have a very difficult time satisfying this high standard because of his trial counsel's failure to preserve this issue on the record for appeal. *See United States v. Rea*, 621 F.3d 595, 602 (7th Cir. 2010) (where the defendant waived his appellate challenge by failing to raise an issue in a Rule 29 motion for judgment of acquittal at the district court). The Court

considers the decision of Sawyer's appellate counsel to omit this issue in his appellate brief as a legitimate strategic reason, based on what was preserved for appeal during his trial. Thus, we do not find that Sawyer's appellate counsel acted inappropriately under the circumstances.

**V. Sentence**

In Sawyer's supplement to his habeas petition, he brings to the Court's attention *United States v. Bent*, 11 CR 605, a case from the Southern District of New York, where a judge's reluctance in imposing a fifty year mandatory minimum on Defendant Randy Washington caused the Government to change its position during a sentencing hearing. Sawyer asks that the Court "impress upon the [G]overnment" that it should abide by former Attorney General Eric Holder's directive he gave in *Bent*. The Government responds, claiming that Sawyer's case is different because Sawyer did not challenge his sentence on direct appeal and he was not sentenced under a mandatory minimum sentence. The Government is correct that Sawyer, unlike Defendant Randy Washington in *Bent*, was not sentenced under a mandatory minimum of fifty years. Instead, the Court chose to sentence Sawyer to fifty years in prison for a number of reasons, stating:

> [Y]ou used every device at your opportunity to subjugate [the victims] to your power, your will and to bring you treasure . . . And that is why I have the god-awful obligation to put you in jail for a long, long time . . . Because we have to put an end to this kind of conduct.

We find that Sawyer did not challenge his sentence on direct appeal and no new evidence exists triggering an exception to procedural default. Section 2255 relief is unwarranted for this claim.

## VI. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, which provides that the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant," the Court turns to whether a certificate of appealability should be issued. Under 28 U.S.C. § 2253(c)(2), "(1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2)[t]he certificate must identify each substantial constitutional question; (3)[i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4)[a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5)[i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003). Thus, the Court must determine whether to grant Sawyer's certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

Based on the reasons stated in this opinion, Sawyer has not established that jurists of reason could debate that the Court should have resolved his claims in a different manner or that his petition adequately shows a sufficient charge of the denial of a constitutional right so much so that he deserves encouragement to proceed further. Also, the Court does not find that jurists of reason would debate the Court's above-mentioned conclusions. As such, the Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the foregoing reasons, the Court denies Sawyer's petition for a writ of habeas corpus and declines to issue a certificate of appealability. We refuse to allow an evidentiary hearing because the record conclusively shows that Sawyer is entitled to no relief under Section 2255.

_____
Charles P. Kocoras
United States District Judge

Dated: 5/6/2015